STATE OF NORTH CAROLINA, Ex Rel. UTILITIES COMMISSION, v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY.

(Filed 17 March, 1954.)

**Utilities Commission § 5: Appeal and Error § 50—**

Where the Utilities Commission fails to find facts necessary to support its order, the cause will be remanded for appropriate findings.  .

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bone, J.,* at Chambers in Nashville, North Carolina, on 2 and 9 January 1954. From EDGECOMBE.

A petition was filed by the Carolina Telephone and Telegraph Company, a North Carolina Corporation, before the North Carolina Utilities Commission for authority to issue and sell 33,320 shares of its Common Capital Stock.

On 17 August 1953 the defendant, the Carolina Telephone and Telegraph Company, pursuant to G.S.N.C. 62-82, 62-83 and 62-84, filed with the North Carolina Utilities Commission a petition for authority to issue and sell 33,320 shares of its authorized but unissued Common Capital Stock at not less than par value of $100.00 per share, the net proceeds from such sale to be applied to the reduction of amounts then owing by the Company on short term bank loans.  Attached to the petition as an exhibit was a certified copy of resolutions adopted by the Company's Board of Directors, wherein it was specified that the shares of Common Capital Stock of this proposed issue were to be "first offered for subscription at the par value of $100.00 per share to the holders of the outstanding Common Capital Stock of the Company, in accord with their pre-emptive rights, at the rate of one share of Common Capital Stock to be issued for each five shares of Common Capital Stock held"; the resolution further specifies that after a certain fixed time the Chairman of the Board or President of the Company be authorized to sell for the Company in such manner and upon such terms as he may deem desirable, but at not less than $100.00 per share, such of the 33,320 shares of Common Capital Stock of the Company as may not be subscribed for by the stockholders or the assigns of their rights.

The Company's application in Paragraph 6 states that the proposed issue and sale of its Common Capital Stock will be compatible with the public interest; is necessary or appropriate for or consistent with the proper performance by it of its service to the public, and will not impair its ability to perform that service; is for some lawful object within its corporate purposes; and is reasonably necessary and appropriate for such purpose.

On 10 September 1953 the North Carolina Utilities Commission entered an order finding the facts substantially as alleged in defendant's petition and authorizing the defendant "to issue and sell at not less than $115.00 per share a total of 33,320 shares of Common Capital Stock of the Company"—the stock to be offered to the present stockholders or the assigns of their rights at the rate of one share for every five shares held, and in the event the stockholders or the assigns of their rights fail to purchase all of said stock issue at not less than $115.00 per share, then any of the stock issue not so purchased may be offered for sale by the Company at a price of not less than $115.00 per share.

The defendant on 22 September 1953 sought, and the Utilities Commission granted a re-hearing. In a letter supplementing its petition for re-hearing the defendant explained its limited scope: "It was the intent of the Carolina Telephone and Telegraph Company to confine the questions on re-hearing to the power and the authority of the Commission to make a limitation of sale·(a) to stockholders under their pre-emptive rights and (b) to outsiders to a minimum price greater than the par value of the stock; and the propriety of the Commission's exercise of any such authority. It was not our intent to raise and we do not raise, in this proceeding, any question as to the adequacy or inadequacy of the record to support a factual finding that the present value of the Common Capital Stock of the Company is not less than the minimum price limit fixed by the Commission."

On 24 November 1953 the Utilities Commission entered its final order affirming its order of 10 September 1953.

On 30 November 1953 the defendant appealed from the orders of the Utilities Commission, and each of them, to the Superior Court.

On 2 January 1954 this appeal was heard before Bone, J., Resident Judge of the Second Judicial District, in Chambers at Nashville, North Carolina, and on 9 January 1954, Bone, J., in Chambers at Nashville, North Carolina, signed a judgment affirming in all respects the orders of the Utilities Commission.

From the judgment signed by Bone, J., the defendant excepts and appeals.

*Attorney-General McMullan and Assistant Attorney-General Paylor for appellee.*

*W. T. Joyner, C. H. Leggett, and Ward & Tucker for appellant.*

PARKER, J. The Utilities Commission found as a fact that the present value of the Common Capital Stock of the defendant Carolina Telephone and Telegraph Company is such that it cannot approve the sale of such shares of stock at a price of less than $115.00 per share. The defendant

UTILITIES COMMISSION *v.* TELEPHONE CO.

in a letter supplementing its petition for a re-hearing before the Utilities Commission stated: "it is not our intent to raise and we do not raise, *in this proceeding,* any question as to the adequacy or inadequacy of the record to support a factual finding that the present value of the Common Capital Stock of the Company is not less than the minimum price limit fixed by the Commission."

The Utilities Commission made no findings of fact as to why the Commission deemed it necessary or appropriate in the premises to fix the sale price of the 33,320 shares of the Common Capital Stock of the defendant at no less than $115.00 per share; nor did it make any findings of fact as to whether the sale of said shares of stock at such price is compatible with the public interest.

It would seem from the Record that the Utilities Commission heard no evidence in the proceeding, and that its orders are based entirely upon the petition filed by the defendant. It is so stated in the dissenting opinion of Commissioner McMahan.

The judgment of the lower court will be vacated *without prejudice to either side,* and the lower court will remand this proceeding to the North Carolina Utilities Commission for further proceedings ordering the Commission to make specific and definite findings of fact as follows: (1) Why the Commission deemed it necessary or appropriate in the premises to fix the sale price of the 33,320 shares of the Common Capital Stock of the defendant at a price not less than $115.00 per share; and (2) as to whether the sale of said shares of stock at such a price is compatible with the public interest. If the Utilities Commission finds the sale of said shares of stock at such price is compatible with the public interest, it shall make definite findings of fact to support this conclusion. The Utilities Commission will be authorized in the judgment of the lower court to hear evidence in the further proceeding herein, if the Commission deems it proper.

It is ordered that the proceeding be

Remanded.

JOHNSON, J., took no part in the consideration or decision of this case.