80 S.E.2d 643 (1954)
239 N.C. 675
STATE ex rel. UTILITIES COMMISSION
v.
CAROLINA TEL. & TEL. CO.
No. 98.
Supreme Court of North Carolina.
March 17, 1954.
*644 W. T. Joyner, Raleigh, C. H. Leggett, Tarboro, and Ward & Tucker, New Bren, for appellant.
*645 Harry McMullan, Atty. Gen., and John Hill Paylor, Asst. Atty. Gen., for appellee.
PARKER, Justice.
The Utilities Commission found as a fact that the present value of the Common Capital Stock of the defendant Carolina Telephone and Telegraph Company is such that it cannot approve the sale of such shares of stock at a price of less than $115 per share. The defendant in a letter supplementing its petition for a rehearing before the Utilities Commission stated: "it is not our intent to raise and we do not raise, in this proceeding, any question as to the adequacy or inadequacy of the record to support a factual finding that the present value of the Common Capital Stock of the Company is not less than the minimum price limit fixed by the Commission."
The Utilities Commission made no findings of fact as to why the Commission deemed it necessary or appropriate in the premises to fix the sale price of the 33,320 shares of the Common Capital Stock of the defendant at no less than $115 per share; nor did it make any findings of fact as to whether the sale of said shares of stock at such price is compatible with the public interest.
It would seem from the Record that the Utilities Commission heard no evidence in the proceeding, and that its orders are based entirely upon the petition filed by the defendant. It is so stated in the dissenting opinion of Commissioner McMahan.
The judgment of the lower court will be vacated without prejudice to either side, and the lower court will remand this proceeding to the North Carolina Utilities Commission for further proceedings ordering the Commission to make specific and definite findings of fact as follows: (1) Why the Commission deemed it necessary or appropriate in the premises to fix the sale price of the 33,320 shares of the Common Capital Stock of the defendant at a price not less than $115 per share; and (2) as to whether the sale of said shares of stock at such a price is compatible with the public interest. If the Utilities Commission finds the sale of said shares of stock at such price is compatible with the public interest, it shall make definite findings of fact to support this conclusion. The Utilities Commission will be authorized in the judgment of the lower court to hear evidence in the further proceeding herein, if the Commission deems it proper.
It is ordered that the proceeding be
Remanded.
JOHNSON, J., took no part in the consideration or decision of this case.