STATE OF NORTH CAROLINA Ex Rel. UTILITIES COMMISSION v. CITY OF GREENSBORO.

(Filed 6 June, 1956.)

**1. Utilities Commission § 2—**

The Utilities Commission has been given specific authority to fix fares to be charged by intra-urban bus companies. G.S. 62-121.47, G.S. 62-122(1).

**2. Utilities Commission § 3—**

The Utilities Commission should fix such rate for a public utility corporation as will yield a just and reasonable return upon the value of the property of such utility which is used in connection with the particular service for which the rate is to be fixed. G.S. 62-124.

**3. Same: Carriers § 16—**

The public utility corporation in question provided public bus transportation and also electricity in a municipality. Its franchise provided that forfeiture by the company of one or more powers granted should result in the forfeiture of the whole. *Held:* The purpose of the provision is to prevent the utility from discontinuing any one of its operations and has no relation to the rates to be charged for the different classes of service, and

therefore, in determining the fare to be charged for bus service, the Utilities Commission properly disregards the value of the utility's electrical properties.

**4. Utilities Commission § 5—**

A protestant to an order of the Utilities Commission granting an increase in rates may not assert on appeal that the Commission could not grant such increase without a specific finding that petitioner's service was adequate and efficient when protestant does not base this contention on any exception or assignment of error (Rule of Practice in the Supreme Court No. 19 (3)), offers no evidence before the Commission in support of such contention, and gives no notice of such contention as required by G.S. 62-74.

APPEAL by the protestant, City of Greensboro, from *Preyer, J.,* March Term, 1956, of GUILFORD (Greensboro Division).

The Duke Power Company applied to the North Carolina Utilities Commission, hereinafter referred to as Commission, on 28 November, 1955, for authority to increase its cash bus fare rate from ten cents to fifteen cents on its bus system in the City of Greensboro and vicinity, but making no change in the existing fare for school children of four tickets for twenty-five cents, including free transfers. The City of Greensboro filed a protest against the increase.

The Commission held two hearings, one in January and the other in February 1956, at which the applicant introduced evidence tending to show losses sustained under the existing cash fare rate as follows: Net loss to petitioner in the operation of its transportation system in the City of Greensboro and vicinity of $139,278 in 1953; $165,922 in 1954; and $162,856 in 1955.

Protestant introduced evidence tending to show that the financial exhibits of the applicant were substantially correct, but contended that the Commission should consider the Duke Power Company's electric and bus systems in the City of Greensboro as a single unit. The Commission issued an order granting the increase. The protestant filed exceptions and moved for a delay in putting the increase into effect pending an appeal. The motion was denied and the exceptions overruled. The protestant appealed and the record was duly certified to the Superior Court.

Protestant renewed its exceptions and motion in the Supreme Court. Whereupon, "the court having fully examined and considered the record in this cause and having heard argument of counsel, and being of the opinion that the order of the North Carolina Utilities Commission should be affirmed," entered judgment accordingly.

The court entered a separate order denying the requested delay in the effective date of the increase granted by the Commission. The increase in cash fare rate became effective the 1st day of April, 1956.

Protestant appeals, assigning error.

*Herman C. Wilson and H. J. Elam, III, for protestant.*

*King, Kleemeier & Hagan, Joyner & Howison, and Carl Horn, Jr., for appellee.*

DENNY, J.    This appeal turns upon the determination of the following question: Was the Commission correct in allowing the increase requested by the petitioner, which increase has been determined to be sufficient to produce a return of only 2.9 per cent upon the value of applicant's bus transportation properties used and useful in rendering passenger service in the City of Greensboro and vicinity, without considering the value of its electric properties, since its franchise contains the following provision: "This franchise is granted as an individual unit and forfeiture by the company of one or more powers herein contained shall result in the forfeiture of the whole"?

The protestant concedes that if the Commission was not required to consider the petitioner's electric and bus transportation business as a single unit, it is entitled to the increase requested.

In our opinion, the above provision in the franchise granted by the City of Greensboro to the petitioner has no relation whatever to the question of rates to be charged for the different classes of service rendered pursuant to the franchise.  We hold the purpose of the provision was to prevent the petitioner from discontinuing its bus operations in Greensboro and vicinity without surrendering its electric franchise also, or *vice versa*.

The protestant further concedes in its brief that the Commission has been given specific authority to fix bus fares in the City of Greensboro under G.S. 62-121.47 and G.S. 62-122 (1).  *In re Southern Public Utilities Co.*, 179 N.C. 151, 101 S.E. 619.

A public utility corporation is entitled to a just and reasonable rate of return based upon the fair value of its properties used and useful in rendering the service for which the rate is established.  G.S. 62-124.

The last cited statute provides, "In fixing any maximum rate or charge, or tariff of rates or charges for any common carrier, person or corporation subject to the provisions of this Chapter, the Commission shall take into consideration if proved, or may require proof of, the value of the property of such carrier, person or corporation used for the public in the consideration of such rate or charge . . ." *Utilities Commission v. Telephone Co.*, 239 N.C. 675, 80 S.E. 2d 643; *Utilities Commission v. State*, 243 N.C. 12, 89 S.E. 2d 727.  Certainly the Commission would have no authority under the foregoing statute to include in such valuation for rate making purposes, properties that were not

used in connection with the particular service rendered. Therefore, we hold the Commission was correct in considering the value only of those properties used and useful in connection with the operation of the bus transportation system of the petitioner in the City of Greensboro and vicinity.

Among the numerous authorities in accord with the above view, we cite *Northern P. R. Co. v. North Dakota*, 236 U.S. 585, 59 L. Ed. 735; *Norfolk & W. R. Co. v. Conley*, 236 U.S. 605, 59 L. Ed. 745; *Mt. Carmel Public Utility & Service Co. v. Public Utilities Commission*, 297 Ill. 303, 130 N.E. 693; *Municipal Gas Co. v. Public Service Commission*, 225 N.Y. 89, 121 N.E. 772, P.U.R. 1919C, 364; *Valparaiso Lighting Co. v. Public Service Commission*, 190 Ind. 253, 129 N.E. 13, P.U.R. 1921B, 325; *Detroit v. Detroit-Edison Co.*, 59 P.U.R. (N.S.) 1; *In re City of Barron*, 58 P.U.R. (N.S.) 57; *In re Montana-Dakota Utilities Co.*, 78 P.U.R. (N.S.) 33.

In the case of *Municipal Gas Co. v. Public Service Commission*, *supra*, the identical question we have before us was before that Court, and *Judge Cardozo*, in speaking for the Court, said: "That a company which sells gas may sometimes sell electricity is one of the accidents of commerce. The fortuitous conjunction of two unrelated functions or activities does not change the rate of profit to be derived from the fulfillment or pursuit of either. The defendants would have us say that the plaintiff, if it makes enough from electricity, must supply its gas for nothing. The legislature had not the purpose, if we assume that it had the power, to bring that result to pass. But the conclusion becomes the surer when we recall that there is another statute limiting the charge for electricity. The plaintiff must make no charge for electricity that is not reasonable and just (Public Service Commission Law, Sec. 65), and if it violates the prohibition, the Public Service Commission will hold it to its duty (Sec. 72). But a reasonable price for electricity does not mean a price that will make amends for unprofitable sales of gas. The legislature did not intend that a burden should be lifted from consumers of one commodity in order that it might be cast upon consumers of the other. Minnesota Rate Cases (*Simpson v. Shepard*), 230 U.S. 352, 421, 435 (57 L. Ed. 1511, 1550, 1556, 48 L.R.A. (N.S.) 1151, 33 Sup. Ct. Rep. 729; Ann. Cas. 1916A, 18). In fixing the price of electricity, the plaintiff is not entitled to recoup its losses upon sales of gas. For the same reason, in fixing the price of gas, it is not required to make allowance for the just and reasonable profit which is the limit of permissible return upon its sales of electricity."

Likewise, in the case of *Valparaiso Lighting Co. v. Public Service Commission*, *supra*, in considering this question, the Court said: "There is no logical or legal connection between an electrical rate and a rate

for gas, and the Commission itself has no power to make a rate for gas dependent upon a rate for electricity. The consumers of gas and electricity may be, and often are, altogether quite different persons, and it would not be reasonable to require one person to pay a high gas rate because somebody else is paying a reduced electrical rate. The rates for gas and electricity ought to be kept entirely separate and apart from each other. Neither one should be made to depend to any extent upon the other, since consumers of one may not be consumers of the other, and it would be wrong to require the consumers of one such commodity to bear the burden that should be borne by the consumers of the other commodity."

The Michigan Public Service Commission held in *Detroit v. Detroit-Edison Co., supra*, "It is a fundamental principle of utility regulation that each type of utility service should be self-sustaining. It is inequitable to allow the losses of one type of service to become a direct burden upon another type of service. Each rate should stand or fall upon its own merits."

The Supreme Court of Illinois, in the case of *Mt. Carmel Public Utility & Service Co. v. Public Utilities Commission, supra,* said: "Where a public utility corporation is engaged in furnishing to the public through various departments of its business, different kinds of service, it cannot be compelled to carry on a branch of its business, which furnishes one kind of service, at a loss, even though at the same time its whole business may be conducted at a profit."

It is also said in 43 Am. Jur., Public Utilities and Services, section 108, page 648, "There must be assigned to each business carried on by a public service corporation, when rates for a specific service are in controversy, that proportion of the total value of the property which will correspond to the extent of its employment in the particular business."

The protesting appellant has undertaken to raise this additional question in its brief: May the Commission grant an increase in rates without making a specific finding that the petitioner's service was adequate and efficient? The question posed is not based on any exception or assignment of error, as required by Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 554. Furthermore, the protestant offered no evidence tending to show that the petitioner's bus service in the City of Greensboro and vicinity was inadequate or inefficient, and requested no finding of fact by the Commission on this question. Moreover, in our opinion, the protest filed by the City of Greensboro in this proceeding was not sufficient to constitute such notice as is required by G.S. 62-74 in order to authorize the Commission to consider whether or not the service rendered by the petitioner was adequate or inade-

quate. Therefore, we do not consider the question requires a judicial determination on this appeal. Even so, according to the decisions of many State Utilities Commissions, such question should be made the subject of a separate proceeding, after notice to all parties as to the scope of the hearing. *In re Home Telephone Co.*, P.U.R. 1924A, 253 (Mo. Pub. Ser. Com.); *In re Gravity Water Co.*, 10 P.U.R. (N.S.) 38 (Mont. Pub. Ser. Com.); *In re Tri-County Telephone Co.*, P.U.R. 1930A, 348 (Mich. Pub. Ser. Com.); *Buck v. Judge,* P.U.R. 1919F, 458 (N. Y. Pub. Ser. Com.); *In re Chillicothe Gas Light & Water Co.,* P.U.R. 1916D, 933 (Ohio, Pub. Ser. Com.).

No prejudicial error has been shown by the remaining exceptions assigned as error. Hence, the judgment of the court below is
Affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.